(97 App. Div. 344.)

CITY OF MIDDLETOWN v. ÆTNA INDEMNITY CO. OF HARTFORD, CONN., et al.

(Supreme Court, Appellate Division, Second Department.   October 14, 1904.)

1. CONTRACT—CHANGE—KNOWLEDGE OF SURETY—ESTOPPEL.
    The mere fact that an officer of a corporate surety on the bond of a contractor obtains knowledge of a change in the contract devolves no duty on the surety to speak in order to entitle it to take advantage of the release in an action on the bond.

2. SAME—MATERIALITY—RELEASE OF SURETY.
    A change in a contract for the construction of a tunnel around a hill so that the tunnel was put through the hill instead, involving a difference in the distance of about 2,000 feet, is of sufficient materiality to release the surety on the bond of the contractor, where such change is made without the surety's consent.

Appeal from Trial Term, Orange County.

Action by the city of Middletown against the Ætna Indemnity Company of Hartford, Conn., and others. Judgment for plaintiff, and the indemnity company appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Daniel Finn, for appellant.
Thomas Watts, for respondent.

HOOKER, J. The defendant company appeals from a judgment in favor of the plaintiff and from an order denying its motion for a

new trial.   The appellant, the Ætna Indemnity Company, became the surety upon the bond of Lesher and others, in which it guarantied the faithful performance by them of a contract for the construction of certain embankments and pipe lines in connection with the waterworks system of the plaintiff city.   The contractors abandoned the work before completion.   In the course of the construction of the pipe line it was thought best to change a certain section from a deep trench to a tunnel.   This modification of the contract was made the subject of supplemental agreement, and was assented to by the appellant in writing.   The principal point which the appellant submits is that, forasmuch as the contractors, under the direction of the city engineer, constructed the tunnel upon a course other than that set forth in the original contract and the supplemental agreement to substitute a tunnel for a trench, to which it had assented, the contract was so changed as to release the surety. It urges that it became surety for the faithful performance by the contractors of the building of a tunnel around the hill pursuant to the plans and specifications embodied in the agreement, and that it did not become surety for the contractors in respect to a tunnel or any work done pursuant to another arrangement or direction.

It cannot be doubted that, as a general proposition, a surety is absolutely released from liability where a contract guarantied by the surety is changed by the parties without his consent.   We are of opinion that there is in the record no evidence to show that the appellant ever assented to the change of route from that around the hill to the straightened line through it.   There is no evidence at all that the surety company ever knew of such a change being made until something over 1,000 feet of the tunnel, according to the new route, had been completed, and then, even though one of its officers may have learned of the change, nothing that he said or did can be construed into an assent to the new arrangement, or a ratification thereof.   No duty devolved upon the appellant to speak when it learned of the deviation that had been made from the contract which it had guarantied.   Its release had already been effectuated, and no authority is presented to us to show that, after the release was complete, it devolved upon the appellant to comment either one way or the other upon the situation.   It had a perfect right to rely upon the acts of the parties as it found them, and to take advantage without comment of the release it had received from the city by virtue of the abandonment of the contract for which it had been surety for a contract to lay a tunnel through a different course.   While admitting the general legal proposition to which we have referred, the respondent urges that the change of route was a mere detail in the work, and that such details might be changed from time to time, as was seen fit, with the consent of the contractors, without releasing the surety; and cites Henricus v. Englert (Sup.) 17 N. Y. Supp. 235.   In that case, however, the surety was released, and it was said in the opinion:

"It is extremely doubtful whether the facts disclosed in this case warrant the legal conclusion arrived at by the referee.   The contract of this surety

must be construed like all other contracts, so as to give effect to the intention of the parties. That intention must be gathered from, and in some respects controlled by, the nature of the contract entered into, and it must be interpreted in the light of the circumstances attending the execution of the instrument. When the meaning of the contract is thus ascertained, full legal effect must be given to it, though the responsibility of the surety must not be extended or enlarged by implication or construction; but it is to be deemed strictissimi juris. People v. Backus, 117 N. Y. 201, 22 N. E. 759."

The court proceeded to state that, where slight variations in the details of the work were actually made, the surety would not be released from his contract, even where he had not assented to the changes; but nowhere in the opinion is there any statement from which we may gather the extent or magnitude of the alterations. In the case presented for our determination we are of the opinion that the new agreement to straighten the line and go through the hill, instead of part way around it, was a material alteration or change of the contract, which released the surety in the absence of its assent. That portion of the work around which this controversy is centered was between station 103 and station 125, a distance of about 2,000 feet. After the tunnel was straightened between these points, it was found that the old location around the hill zigzagged across the new line, first to the north a few feet, then to the south 50 feet, and then across again to the north some 25 feet. The plans and specifications, upon which were set out the old situation as the route of the pipe line, had been regularly filed, before letting the contract, in the public offices required by law. We should not say that so considerable a change as that accomplished by the straightening of the line was a mere incident or detail of the work, insufficient to release the surety without its consent. Inasmuch as the record is barren of evidence tending to show such assent, the judgment should be reversed, and a new trial granted.

Judgment and orders reversed, and new trial granted; costs to abide the event. All concur.