ney's office on the second of May, it being then April sixteenth. On May second they all met at the attorney's office, and the defendant refused to make the contract. It will be observed that there is no evidence that the defendant ever said that his attorney had authority to fix a price on the property. All he said was that he would not do anything without consulting his attorney, who had charge of his affairs. The prices put on the piece of paper by the attorney were, therefore, not binding. Nor were they deemed binding by the plaintiff and his purchaser, for in place of closing with the attorney they went to the defendant personally and offered him the $1,900, and then $1,950, and finally $2,000 an acre for the upland. They mentioned no price for the meadowland (lowland), so that it is plain that no price was ever arrived at as to that part of the farm at all events, and therefore for the farm, for it was for sale only as a whole; unless the $2,000 an acre was for the meadowland also, which the plaintiff says was not the case, but that it was to be taken at the price put on the paper by the attorney, viz., $300 an acre. And if the defendant's attorney is to be deemed his agent with authority to sell, there is another conclusive reason why the plaintiff cannot recover. The plaintiff proved by Knowles that when he and Knowles saw the attorney, as stated above, they agreed with him that if a sale was effected they would give half of the commission to the attorney, and this was never revealed, so far as appears, to the defendant. The agreement of Knowles and the plaintiff to give the attorney half of the commission was a corrupt agreement, necessarily intended in law to seduce him from his duty to the defendant, and no agreement which they made with him under such a condition would bind the defendant. The defendant had already told the plaintiff that his lowest price was $2,000, and yet he got the price of $1,900 from the attorney. Proof of such corrupt agreement was proof that the plaintiff was not acting in the interest of the defendant, but in that of the buyer. The judgment should be reversed. Woodward, J., concurred.

August Anderson, Appellant, v. Samuel F. Bagg, Doing Business under the Name and Style of the Watertown Engine Company, Respondent.— Order affirmed, with ten dollars costs and disbursements. No opinion. Hirschberg, P. J., Hooker, Gaynor, Rich and Miller, JJ., concurred.

Lewis G. Andrews, Respondent, v. Henry Schmidt, Appellant.— Judgment of the Municipal Court affirmed, with costs. No opinion. Hirschberg, P. J., Woodward, Hooker and Gaynor, JJ., concurred.

Mary F. Bene, Respondent, v. Erik Enequist, Appellant.— Judgment of the Municipal Court affirmed, with costs. No opinion. Woodward, Jenks, Hooker, Gaynor and Miller, JJ., concurred.

Mary F. Bene, Respondent, v. Erik Enequist, Appellant.— Judgment of the Municipal Court affirmed, with costs. No opinion. Woodward, Jenks, Hooker, Gaynor and Miller, JJ., concurred.

Gustave H. Berwin, Respondent, v. Charles Deitsch and Edward J. Deitsch, Appellants.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Hirschberg, P. J., Woodward, Hooker and Gaynor, JJ.

Howard G. Boardman, Respondent, v. Alfred W. Sexsmith and Chester F. Hauser, etc., Appellants.— Judgment of the Municipal Court affirmed, with costs. No opinion. Hirschberg, P. J., Woodward, Gaynor, Rich and Miller, JJ., concurred.

Doris Brown, Respondent, v. Pauline Ziff, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. Hirschberg, P. J., Woodward, Jenks, Hooker and Gaynor, JJ., concurred.

City of Middletown, Respondent, v. The Ætna Indemnity Company of Hartford, Connecticut, Appellant, Impleaded with T. M. Lesher and Others.— Judgment and order reversed and new trial granted, costs to abide the event, on the authority of the decision of this court on the former appeal (97 App. Div. 344). Woodward, Jenks, Hooker and Rich, JJ., concurred.

Robert Crecelius, Appellant, v. The City of New York, Respondent.— Judgment modified so as to render it one of nonsuit instead of upon the merits, and as modified judgment and order affirmed, without costs. (See Crecelius v. City of New York. 114 App. Div. 801, decided herewith.) Hirschberg, P. J., Woodward and Rich, JJ., concurred; Jenks, J., dissented.

Holton M. Crotty, Appellant, v. De Dion-Bouton Motorette Company, Respondent.— Judgment in so far as appealed from and order unanimously affirmed, with costs. No opinion. Present — Hirschberg, P. J., Woodward, Hooker and Miller, JJ.